IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT C. GORDON, # 65920, | ) |
|     Plaintiff, | ) |
| v. | ) No. 3:25-cv-00158 |
| MORGAN SMITH, *et al.*, | ) Judge Richardson |
|     Defendants. | ) Magistrate Judge Newbern |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Gordon, who is currently in the custody of the Williamson County Sheriff's Office in Franklin, Tennessee, filed a pro se Complaint alleging legal malpractice and violations of the Indian Child Welfare Act. (Doc. No. 1). Plaintiff's Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

## FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## SCREENING THE COMPLAINT

**1. PLRA Screening Standard**

The Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## 2. Factual Allegations[1] and Claims

Plaintiff names five Defendants in the Complaint: (1) Morgan Smith, (2) Trudy Bloodworth, (3) Cherie Cash-Kristinus, (4) Cara Gruszecki, and (5) Choctaw Nation of Oklahoma ("Choctaw Nation"). (Doc. No. 1 at 1). Plaintiff and his son are both enrolled members of Choctaw Nation. (*Id.* at 2). Defendants Smith, Bloodworth, and Cash-Kristinus were attorneys who represented Plaintiff in termination-of-parental-rights proceedings between 2021 and 2024. (*Id.*) Defendant Gruszecki was a guardian at litem for Plaintiff's son. (*Id.*)

In 2021, Plaintiff's ex-wife remarried and filed a petition for termination of Plaintiff's rights pursuant to a step-parent adoption. (*Id.* at 5). According to Plaintiff, the Indian Child Welfare Act should have applied to the termination proceedings, but its provisions were not followed. (*Id.* at 5−14). Additionally, Plaintiff's ex-wife and her attorney committed fraud. (*Id.* at 15−17). Plaintiff's parental rights were terminated in August 2024. (*Id.*)

Plaintiff claims that Defendants Smith, Bloodworth, and Cash-Kristinus committed legal malpractice by not investigating the Indian Child Welfare Act and seeking to enforce its provisions. (*Id.* at 18−19). Additionally, he claims Choctaw Nation failed to follow the Indian Child Welfare Act in accepting transfer of the termination proceedings. (*Id.* at 19).

Petitioner seeks $25 million in damages, sanctions on the attorney Defendants, invalidation of the state-court judgment, and for this Court to "enforce Article VI Clause 2 of the US Constitution." (*Id.* at 20).

---

[1] For purposes of this Order, the Court accepts the factual allegations in the Complaint as true. However, the Court makes no factual findings regarding the truth of the allegations.

3. Analysis

The Court addresses Plaintiffs' Indian Child Welfare Act claims before turning to his legal-malpractice claims.

a. Indian Child Welfare Act

Plaintiff claims that Defendants' actions violated the Indian Child Welfare Act, which takes precedent over state law pursuant to the Supremacy Clause of the United States Constitution.[2]

The Indian Child Welfare Act "does not provide for a cause of action for money damages. The only relief that can be provided is declaratory relief." *Luther v. Oklahoma ex rel. Oklahoma Dep't of Human Servs.*, No. CIV-25-279-J, 2025 WL 1165282, at *6 (W.D. Okla. April 2, 2025) (collecting cases). Accordingly, to the extent Plaintiff seeks damages from any Defendant pursuant to the Indian Child Welfare Act, any such claim will be dismissed.

Plaintiff also seeks an order vacating the state-court judgment terminating his parental rights. (Doc. No. 1 at 20). However, Plaintiff's appeal of that judgment remains pending in state court. *See In re Knox G.*, M2024-01355-COA-R3-PT (Tenn. Ct. App.).[3] Under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from deciding a claim if doing so would "intrud[e] into a [state] . . . civil proceeding 'involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Satkowiak v. McClain*, 24-1600, 2024 WL 5088685, at *1 (6th Cir. Dec. 12, 2024) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 78 (2013)). As relevant to *Younger* abstention, state-court proceedings

---

[2] Petitioner does not specify which Defendants he brings claims against under the Indian Child Welfare Act. For purposes of this Order, the Court assumes that he brings such claims against all named Defendants.

[3] Available by search at https://pch.tncourts.gov/. Oral argument was held in the Tennessee Court of Appeals on August 6, 2025.

remain "pending until a litigant has exhausted his state appellate remedies." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975)).

Chief Judge Campbell recently abstained from exercising jurisdiction over a similar suit brought by Plaintiff in which he sought to vacate, pursuant to the Indian Child Welfare Act, the same state termination-of-parental-rights proceedings he seeks to vacate here:

> "Where state proceedings related to custody, termination of parental rights, and adoption are ongoing, the *Younger* abstention doctrine prevents the district court from ruling on a related request for injunctive relief because the proceeding implicates important state interests and Plaintiffs have an adequate opportunity to raise their challenges in state court." *Robards v. Slatery*, 2024 WL 4370780, at *3 (M.D. Tenn. Oct. 1, 2024) (brackets and quotation marks omitted)); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (*Younger* abstention appropriate where "the state proceedings involve a paramount state interest, *i.e.*, domestic relations law."); *Morrow v. Wilson*, 94 F.3d 1386, 1397 (10th Cir. 1996) ("The state, although not a party, obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship."). The Indian Child Welfare Act does not change the abstention analysis in such cases. *Morrow*, 94 F.3d at 1395–96 ("[W]e believe that § 1914 and related provisions of the [Indian Child Welfare Act] do not preclude our consideration of abstention.").
>
> The *Younger* criteria for abstention apply here. Accordingly, this Court will abstain from exercising jurisdiction over any claim seeking to vacate the state court's judgment while Plaintiff's state-court appeal remains pending.

*Gordon v. Leininger*, No. 3:24-cv-01167, 2025 WL 1749666, at *3−4 (M.D. Tenn. June 24, 2025) (Campbell, C.J.).

The Court adopts this reasoning and, pursuant to *Younger*, abstains from exercising jurisdiction over Plaintiff's claim under the Indian Child Welfare Act. These claims will be dismissed without prejudice.

### b. Legal Malpractice

Plaintiff's legal-malpractice claims are based on Tennessee state law. The court has discretion to retain supplemental jurisdiction over these claims even after dismissing Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3) (providing that "district courts *may* decline to exercise

supplemental jurisdiction" in such circumstances (emphasis added)). "However, '[t]he general rule is that when as here the federal claim drops out before trial (here *way* before trial), the federal district court should relinquish jurisdiction over the supplemental claim.'" *Black v. Mt. Pleasant Tennessee Police Dep't*, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (quoting *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997)). Here, there is no apparent basis to deviate from the general rule. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law legal-malpractice claims. These claims will be dismissed without prejudice.

## CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED**. Plaintiff's damages claim under the Indian Child Welfare Act is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Court abstains under *Younger* from resolving Plaintiff's claim to vacate the state-court judgment terminating his parental rights pursuant to the Indian Child Welfare Act. This claim is dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's legal-malpractice claims. These claims are likewise dismissed without prejudice.

Plaintiff's motions to appoint counsel (Doc. Nos. 6 and 9) are **DENIED** as moot.

The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE